UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS ) <br> ) <br> ) <br> v.  ) <br> ) <br> LUCHA EL POR LIBERTAD (a/k/a Steven ) <br> Anthony Perez), ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 22-10131-DJC |

# MEMORANDUM AND ORDER

**CASPER, J.**                                                                                   February 16, 2022

For the reasons stated below, the *pro se* notice of removal is remanded to the Middlesex Superior Court.

## I.     Background

Lucha El Port Libertad ("Libertad"), now in custody at the Middleton House of Correction, filed a two-page, handwritten notice of removal. D. 1.

Libertad seeks to remove a pending criminal prosecution, identified as 2181CR0366, from the Middlesex Superior Court to this federal court.[1] D. 1 at 1. Libertad, a self-described "Moor American National of the Free National Government of Morocco," asserts that he is not a resident of the Commonwealth and he does not "have contact" with the Commonwealth. Id. Libertad contends that the proceedings are "a matter of Diversity of Citizenship pursuant to Title 28

---

[1] The Court takes judicial notice of Commonwealth v Perez, No. 2181-CR-00366 (Mass. Super. Ct.). It is "well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990). The Court therefore takes judicial notice of the pending Superior Court prosecution. See United States v. Mercado, 412 F.3d 243, 247 (1st Cir. 2005).

subsection 1332 and Treaty of Peace of Friendship (Amity of Commerce) of 1787." Id. Libertad seeks to have this court "intervene and litigate this case to the Federal Court to avoid prejudice or biased decisions." Id. at 1-2.

## II.     Standard of Review

A removing defendant has the burden of establishing that a case is within the federal court's removal jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941). Because removal to federal court deprives the state court of jurisdiction, "removal statutes are to be narrowly construed." Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 76 (1st Cir. 2009) (citing Shamrock Oil & Gas Corp., 313 at 108-109).

The right of certain persons to remove state criminal charges against them to federal court is a matter of statute. Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32 (2002). The "statutory procedures for removal are to be strictly construed" out of respect for state sovereignty. Id. Accordingly, state criminal defendants may remove state prosecutions to federal court only in the narrow circumstances described by the removal statues. See 28 U.S.C. § 1442 (federal officers or agencies sued or prosecuted), § 1443 (civil rights cases).

Section 1455(b)(4) authorizes the court to remand summarily those state criminal prosecutions that do not appear on the face of the removal documents to be properly removed:

> The United States district court in which such notice [of removal] is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

Id. § 1455(b)(4).

Although the court construes the pleadings of a *pro* se litigant like Libertad liberally, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13

(1st Cir. 2004), after examination of the notice of removal and, for the reasons stated below, an order summarily remanding this case to the state court is warranted.

### III. Discussion

Libertad relies upon 28 U.S.C. § 1441(a)[2] and 28 U.S.C. § 1441(d)[3] as providing authority for the removal of his criminal case to this Court, which they do not.[4]

To the extent Libertad argues that removal is proper because he is a Moor American, such argument has been rejected by federal courts and this court finds Libertad's argument without merit. See e.g., Maryland v. Ghazi-El, CR RDB-16-0207, 2016 WL 2736183, at *2 (D. Md. May 11, 2016) (noting that "[n]either the citizenship nor the heritage of a defendant constitutes a key ingredient to a court's jurisdiction in criminal prosecutions" and that the defendant's "argument that a person is entitled to ignore . . . [state laws] . . . by claiming membership in the Moorish–American nation is without merit") (internal citations and quotation marks omitted); South Carolina v. Ali, No. 12-2629, 2012 WL 6765732, at *1 (D.S.C. Dec. 4, 2012) (collecting cases and holding "the defendant's purported ground for removal based on the premise that he should not be prosecuted for a violation of the law of the State of South Carolina because he is an Aboriginal Indigenous Moorish–American is frivolous on its face"), report and recommendation adopted, No. 12-2629, 2013 WL 57715 (D.S.C. Jan. 4, 2013).

---

[2] Section 1441(a) provides that civil actions that could have been brought originally in federal court may be removed from state court. 28 U.S.C. § 1441(a).

[3] Section 1441(d) addresses removal involving foreign states. 28 U.S.C. § 1441(d).

[4] Section 1441(b) governs removals based on diversity of citizenship, which Libertad appears also to invoke. 28 U.S.C. §1441(b). However the diversity statute, 28 U.S.C. § 1332, does not apply where the defendant is attempting to remove a criminal case from state to federal court. United States v. Williams, No. 15-3239, 2015 WL 6824047, at *1 n.3 (D. Minn. Sept. 29, 2015).

To the extent the notice can be construed as seeking removal based upon an alleged equal protection violation, Libertad has not met the requirements for removal under Section 1443(1).[5] To remove a case under Section 1443(1), the criminal defendant must allege that he has been denied a federal right arising under a specific law or statute protecting racial equality, and that he cannot enforce his federal civil rights in his state court criminal proceedings. See Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (setting forth two-prong test for removal of criminal prosecution where defendant is denied equal civil rights).

Here, Libertad has not shown that he faces circumstances in the Middlesex Superior Court that would warrant the removal of his pending criminal matter to this federal court. He makes conclusory statements concerning the motivation of the judge and prosecutor, and he does not plausibly allege that he has been denied a federal right arising under a specific civil rights law or statute or facts to support a claim that he is unable to enforce such civil rights in the state court criminal proceedings. See Peltier v. Peltier, 548 F.2d 1083, 1084 (1st Cir. 1977) (citing Georgia v. Rachel, 384 U.S. 780, 792 (1966)); Akhlaghi v. Berry, 294 F. Supp. 2d 1238, 1243 (D. Kan. 2003).

Finally, even assuming *arguendo* that this Court had jurisdiction, abstention from exercising same would be warranted under Younger v. Harris, 401 U.S. 37 (1971). Under Younger v. Harris, 401 U.S. 37, 41 (1971), "a federal court must abstain from reaching the merits of a case over which it [otherwise] has jurisdiction so long as there is (1) an ongoing state judicial proceeding, instituted prior to the federal proceeding (or, at least, instituted prior to any substantial

---

[5] Section 1443(1) allows a defendant to remove to federal court a prosecution "[a]gainst any person who is denied or cannot enforce" in state court "a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1).

progress in the federal proceeding), that (2) implicates an important state interest, and (3) provides an adequate opportunity for the plaintiff to raise the claims advanced in his federal lawsuit." Brooks v. New Hampshire Supreme Court, 80 F.3d 633, 638 (1st Cir. 1996).  Under the Younger doctrine of abstention, federal courts "abstain from interfering with state court proceedings even where defendants claim violations of important federal rights." In re Justices of Superior Court Dep't of Massachusetts Trial Court, 218 F.3d 11, 17 (1st Cir. 2000).  The Younger doctrine is implicated where the federal claims can be "raised and resolved somewhere in the state process." Maymó–Meléndez v. Alvarez–Ramírez, 364 F.3d 27, 36 (1st Cir. 2004).

Although Libertad states that he seeks to avoid prejudice or biased decisions in state court, the issues raised in the notice of removal are capable of being raised and resolved in the context of the pending state proceeding.  Accordingly, the requirements for Younger abstention are also met here.

### IV.     Conclusion

For the foregoing reasons, the court hereby remands this action under 28 U.S.C. § 1447(c) to the Middlesex Superior Court. The Clerk shall enter a separate Order of Dismissal and mail copies to Libertad and to the Clerk of the Middlesex Superior Court.

**SO ORDERED.**

/s/ Denise J. Casper
Denise J. Casper
United States District Judge